FILED
U.S. DISTRICT COURT

-3 SEP 03 PM 3: 27

DISTRICT OF UTAH

BY:_____
       DEPUTY CLERK

Frank W. Compagni (USB 7174)
Stephen H. Bear (USB 9240)
MORRISS O'BRYANT COMPAGNI, P.C.
136 South Main Street, Suite 700
Salt Lake City, Utah, 84101
Telephone: (801) 478-0071/Facsimile: (801) 478-0076

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CANNONBALL MUSICAL INSTRUMENTS, LLC**, a Utah corporation. <br><br> Plaintiff, <br><br> v. <br><br> **SUGAL MOUTHPIECES**, a Rhode Island business entity, and **GARY SUGAL**, an Individual. <br><br> Defendant. | **COMPLAINT** <br><br> Judge Dee Benson <br> DECK TYPE: Civil <br> DATE STAMP: 09/03/2003 @ 15:25:10 <br> CASE NUMBER: 2:03CV00756 DB <br><br> Jury Demanded |

Plaintiff Cannonball Musical Instruments, LLC, through its counsel, complains of Defendants Sugal Mouthpieces and Gary Sugal, and for its claims for relief, states as follows:

### PARTIES

1. Plaintiff Cannonball Musical Instruments, LLC (hereinafter "Cannonball") is a corporation duly organized and existing under the laws of Utah, with a principal business office at 461 West parkland Drive, Sandy, Utah 84070.

2. Cannonball sells saxophones throughout Utah and the United States through its distributors.

3. On information and belief, Defendant Sugal Mouthpieces was at one time a Rhode Island corporation, but is now being operated as a sole proprietorship after having its corporate charter revoked.

4. On information and belief, Sugal Mouthpieces has a principal place of business at P.O. Box 442 Swansea, Massachusetts 02777.

5. On information and belief, Defendant Gary Sugal (hereinafter "Sugal") is an individual residing at 42 Willow Circle, Swansea, Massachusetts 02777.

## JURISDICTION AND VENUE

6. This action arises under the trademark and unfair competition laws of the United States. 15 U.S.C. §1051 et seq.

7. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338(a), and supplemental jurisdiction over the pendent state and common law claims arising from the same nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because Defendants have offered to sell their infringing products, which is a substantial event giving rise to this action, through the Internet auctioneer eBay, Inc.

## GENERAL ALLEGATIONS

9. Plaintiff is and for many years has been engaged in the business of manufacturing, marketing, selling, and distributing throughout the United States saxophones bearing the trademarks "CANNONBALL" and "BIG BELL".

10. On or about March 22, 1996, Plaintiff adopted and began using the trademark "CANNONBALL MUSICAL INSTRUMENTS," in its aforesaid business in interstate commerce in connection with musical instruments.

2

11. Since August 11, 1998, Plaintiff has also owned a federal trademark for the "CANNONBALL MUSICAL INSTRUMENTS" mark (U.S. Reg. No. 2180492) in connection with the above-described goods.

12. On or about April 11, 1997, Plaintiff adopted and began using the trademark "CANNONBALL MUSICAL INSTRUMENTS" plus design in its aforesaid business in interstate commerce in connection with musical instruments.

13. Since May 26, 1998, Plaintiff has also owned a federal trademark for the "CANNONBALL MUSICAL INSTRUMENTS" plus design mark (U.S. Reg. No. 2182320) in connection with the above-described goods.

14. On or about January 10, 2001, Plaintiff adopted and began using the trademark "BIG BELL," in its aforesaid business in interstate commerce in connection with musical instruments, namely saxophones.

15. Since November 6, 2001, Plaintiff has also owned a federal trademark for the "BIG BELL" mark (U.S. Reg. No. 2504675) in connection with the above-described goods.

16. In addition to the above-mentioned federally registered trademarks, on or about March 22, 1996, Plaintiff adopted and began using the common law trademark CANNONBALL in its aforeseaid business in connection with musical instruments.

17. Plaintiff has used the CANNONBALL MUSICAL INSTRUMENTS, CANNONBALL MUSICAL INSTRUMENTS plus design, CANNONBALL and BIG BELL marks in connection with its goods and services throughout the United States, and Plaintiff is the owner of said marks.

18. Plaintiff has so used the above marks in connection with its business that the public has come to associate these marks as indicating that the goods marketed and/or associated with such marks originate with Plaintiff.

19. Plaintiff has engaged in extensive research, development, advertising and promotion of its goods and services, and Plaintiff has, at considerable expense, developed the aforesaid marks, together with a wide and valuable public recognition of its goods and services.

20. As a result of the aforesaid research, development, advertising and promotion, a valuable goodwill and reputation for quality has developed, which Plaintiff now owns and which distinguishes the goods and services of Plaintiff in the marketplace.

21. On information and belief, since at least as early as July 21, 2003, Defendants Sugal Mouthpieces and Gary Sugal began marketing and advertising for sale a line of saxophones under the names "BIG BELL (CANNON BELL)" and "Gary Sugal Alto BIG BELL Series III".

22. On information and belief, the Defendants advertised these saxophone lines through various media, including through the online auctioneer eBay, Inc.

23. The saxophones manufactured, marketed, sold, and distributed by Defendants in connection with the "BIG BELL" and the "CANNON BELL" marks and the goods manufactured, marketed, sold, and distributed by Plaintiff in connection with its CANNONBALL MUSICAL INSTRUMENTS, CANNONBALL and BIG BELL marks are goods of the same general class or type, namely saxophones, and are sold through substantially the same channels of trade to substantially the same classes of purchasers.

24. The foregoing acts of Defendants have caused actual confusion among members of the public as to the respective identities of Plaintiff and Defendants, and numerous persons now erroneously believe that Plaintiff and Defendants are either the same or are related entities.

25. Upon information and belief, the foregoing acts of trademark infringement by Defendants are intentional and have been done with the intent to trade upon and to appropriate to Defendants the success, reputation, public recognition and goodwill that Plaintiff has labored to build for its own products.

## FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement – 15 U.S.C. §1114 [Section 32])

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 of this Complaint as though set forth fully herein.

27. Defendants' use of the CANNON BELL mark in connection with its line of saxophones is likely to cause public confusion, mistake, or deception as to the source or origin of such saxophones as a result of the overall similarity of sound, appearance and meaning of this mark with Plaintiff's CANNONBALL MUSICAL INSTRUMENTS mark.

28. Upon information and belief, at the time Defendants adopted and began using the CANNON BELL mark, Defendants had, or should have had, knowledge of the prior adoption and use of the CANNONBALL MUSICAL INSTRUMENTS mark by Plaintiff for its competing line of saxophones.

29. Upon information and belief, Defendants adopted the CANNON BELL mark in an effort and attempt to trade upon and appropriate the goodwill, reputation, and public recognition of Plaintiff's mark.

30. Defendants' conduct constitutes federal trademark infringement under 15 U.S.C. §1114 and entitles Plaintiff to relief.

31. The conduct of Defendants will continue, and Plaintiff has suffered and will continue to suffer great and irreparable injury as a result of such conduct unless Defendants are restrained by this Court. Plaintiff has no adequate remedy at law.

32. In committing these acts, Defendants acted willfully with fraud, malice, and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendants are liable to Plaintiff for treble damages, pursuant to 15 U.S.C. §1117 (a).

## SECOND CLAIM FOR RELIEF
(Federal Trademark Infringement – 15 U.S.C. §1114 [Section 32])

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint as though set forth fully herein.

34. Defendants' use of the BIG BELL mark in connection with its line of saxophones is likely to cause public confusion, mistake, or deception as to the source or origin of such saxophones as a result of the overall similarity of sound, appearance and meaning of these marks with Plaintiff's BIG BELL mark.

35. Upon information and belief, at the time Defendants adopted and began using the BIG BELL mark, Defendants had, or should have had, knowledge of the prior adoption and use of the BIG BELL mark by Plaintiff for its competing line of saxophones.

36. Upon information and belief, Defendants adopted the BIG BELL mark in an effort and attempt to trade upon and appropriate the goodwill, reputation, and public recognition of Plaintiff's mark.

37. Defendants' conduct constitutes federal trademark infringement under 15 U.S.C. §1114 and entitles Plaintiff to relief.

38. The conduct of Defendants will continue, and Plaintiff has suffered and will continue to suffer great and irreparable injury as a result of such conduct unless Defendants are restrained by this Court. Plaintiff has no adequate remedy at law.

39. In committing these acts, Defendants acted willfully with fraud, malice, and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendants are liable to Plaintiff for treble damages, pursuant to 15 U.S.C. §1117 (a).

### THIRD CLAIM FOR RELIEF
(False Designation of Origin – 15 U.S.C. §1125 (a) [Section 43])

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as though set forth here in full.

41. Defendants' use of the CANNON BELL and BIG BELL marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff as well as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff, in violation of 15 U.S.C. §1125(a) (Lanham Act §43(a)).

42. Defendants' activities have caused and will continue to cause great and irreparable injury to Plaintiff and to its goodwill and reputation, and unless said acts are restrained by this Court, they will be continued, and Plaintiff will continue to suffer great and irreparable harm. Plaintiff has no adequate remedy at law.

43. In committing these acts, Defendants acted willfully with fraud, malice, and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendants are liable to Plaintiff for punitive and exemplary damages.

## FOURTH CLAIM FOR RELIEF
(Common Law Trademark Infringement)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 of this Complaint as though set forth here in full.

45. The CANNONBALL MUSICAL INSTRUMENTS, CANNONBALL and BIG BELL marks, as used by Plaintiff, are inherently distinctive and are protectable as common law marks.

46. The saxophone goods marketed by Plaintiff and associated with the CANNONBALL MUSICAL INSTRUMENTS, CANNONBALL and BIG BELL marks are sold through the same channels of commerce and to the same classes of purchasers as the goods of Defendants, which are marketed and associated with the confusingly similar CANNON BELL and BIG BELL marks.

47. Defendants' use of the CANNON BELL and BIG BELL marks in connection with their line of saxophones is likely to cause public confusion, mistake, or deception as to the source or origin of such goods.

48. Upon information and belief, at the time Defendants adopted and began using the CANNON BELL and BIG BELL marks, Defendants had, or should have had, knowledge of the prior adoption and use of the CANNONBALL MUSICAL INSTRUMENTS, CANNONBALL and BIG BELL marks by Plaintiff.

49. Upon information and belief, Defendants adopted the CANNON BELL and BIG BELL marks in an effort and attempt to trade upon and appropriate to themselves the goodwill, reputation, and public recognition of Plaintiff associated with the CANNONBALL MUSICAL INSTRUMENTS, CANNONBALL and BIG BELL marks.

50. Defendants' conduct constitutes common law trademark infringement and entitles Plaintiff to relief.

51. The conduct of Defendants will continue, and Plaintiff has suffered and will continue to suffer great and irreparable injury as a result of such conduct unless Defendants are restrained by this Court. Plaintiff has no adequate remedy at law.

52. In committing these acts, Defendants acted willfully with fraud, malice, and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendants are liable for punitive and exemplary damages.

### RELIEF

WHEREFORE, Plaintiff Cannonball Musical Instruments, LLC demands Judgment against Defendants Sugal Mouthpieces and Gary Sugal as follows:

A.  For preliminary and permanent injunctive relief prohibiting Defendants, their servants, agents, employees, attorneys and those persons acting in concert or participation with them from:

  (1) reproducing, copying, counterfeiting, imitating, or otherwise using Plaintiff's CANNONBALL MUSICAL INSTRUMENTS, CANNONBALL and BIG BELL marks or any confusingly similar mark, term, or phrase, including but not limited to the marks CANNON BELL and BIG BELL; and

  (2) engaging in further acts of unfair competition and false designation of origin.

B.  For an order requiring Defendants to account for and pay over to Plaintiff all gains, profits, and advantages derived by Defendants from their unfair competition.

C.  For an award of three times Plaintiff's actual damages.

D.  For an order pursuant to 15 U.S.C. §1118 that all infringing labels, signs, prints, packages, wrappers, receptacles, articles of merchandise, displays, brochures, order forms, price lists, catalogs, and advertisements in the possession or control of Defendants be delivered up for destruction.

E.  For reasonable attorney's fees and costs incurred in prosecuting this action.

F.  For punitive and exemplary damages in an amount not less than five hundred thousand dollars ($500,000.00).

G.  For interest as provided by law.

H.  For such further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims for relief.

DATED this 3rd day of September, 2003.

MORRISS O'BRYANT COMPAGNI

By: /s/ Frank W. Compagni
Frank W. Compagni, Esq.
Attorney for Cannonball Musical
Instruments, LLC

10